IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

TAMMY J. MEREDITH                                                              PLAINTIFF

v.                           Case No. 4:14-cv-00720 JTK

CAROLYN W. COLVIN,
Acting Commissioner, Social
Security Administration                                                        DEFENDANT

# MEMORANDUM AND ORDER

Plaintiff Tammy Meredith appeals the final decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for supplemental security income (SSI). Both parties have submitted appeals briefs, and the case is ready for decision.[1] The only issue before the Court is whether the Commissioner's decision is supported by substantial evidence. After reviewing the administrative record and the arguments of the parties, the Court finds that the Commissioner's decision is supported by substantial evidence.

## Procedural History

Plaintiff protectively filed her application for SSI on May 4, 2012, alleging an onset date of November 1, 2010. She claims disability due to type 2 diabetes with neuropathy, anxiety, and depression. (R. 153) Plaintiff's claims were denied at the initial and reconsideration levels.

A hearing was held on July 17, 2013, before an Administrative Law Judge (ALJ). On December 16, 2013, the ALJ issued an unfavorable decision, denying Plaintiff's claims. The

---

[1]The parties have consented to the jurisdiction of a Magistrate Judge (DE #4).

Appeals Council subsequently denied the request for review. It is from this decision that Plaintiff now brings her appeal.

## Administrative Proceedings

Plaintiff was thirty-six (36) years old at the time of the administrative hearing. She completed the eighth grade and had past work as poultry deboner and hand packager. The ALJ applied the five-step sequential evaluation process to Plaintiff's claim.[2] Plaintiff satisfied the first step because she had not engaged in substantial gainful activity since her application date of May 4, 2012. At step two, the ALJ found that Plaintiff suffered from the severe impairments of obesity, diabetes mellitus with neuropathy, and status post carpal tunnel surgery bilaterally. At the third step, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. § 404, Subpt. P, App. 1 ("listing"). Further, the ALJ found that Plaintiff's allegations of severe and disabling pain and discomfort were not supported by the evidence of record and that she retained the residual functional capacity (RFC) to perform limited sedentary work.[3] At step four, the ALJ found Plaintiff could not perform any past relevant work. Crediting the testimony of a vocational expert (VE), the ALJ found at step five that Plaintiff could perform work existing

---

[2]The five part test asks whether the claimant: (1) is currently employed; (2) severely impaired; (3) has an impairment or combination of impairments that meet or approximate a listed impairment; (4) can perform past relevant work; and if not, (5) can perform any other kind of work. Through step four of this analysis, the claimant has the burden of showing that he is disabled. Only after the analysis reaches step five does the burden shift to the Commissioner to show that there are other jobs in the economy that the claimant can perform. *Steed v. Astrue*, 524 F.3d 872, 875 n. 3 (8th Cir. 2008).

[3]The ALJ found Plaintiff could perform frequent, but less than constant, handling and fingering with her hands bilaterally.

in the national economy. Accordingly, the ALJ found Plaintiff was not under a disability.

## Standard of Review

The Court's limited function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also* 42 U.S.C. § 405(g). Substantial evidence is "less than a preponderance, but enough that a reasonable mind might accept it as adequate to support a decision." *Cox v. Apfel*, 160 F.3d 1203, 1206-07 (8th Cir. 1998) (citing *Lawrence v. Chater*, 107 F.3d 674, 676 (8th Cir. 1997)). The Commissioner's decision cannot be reversed merely because substantial evidence would have supported an opposite decision. *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004). However, "[t]he substantial evidence test employed in reviewing administrative findings is more than a mere search of the record for evidence supporting the [Commissioner's] findings." *Gavin v. Heckler*, 811 F.2d 1195, 1199 (8th Cir. 1987). "'Substantial evidence on the record as a whole' . . . requires a more scrutinizing analysis." *Id.* (quoting *Smith v. Heckler*, 735 F.2d 312, 315 (8th Cir. 1984)). "In reviewing the administrative decision, '[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight.'" *Coleman v. Astrue*, 498 F.3d 767, 770 (8th Cir. 2007) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951)).

## Discussion

On appeal, Plaintiff argues the ALJ failed to apply the proper legal standards throughout the sequential evaluation process and made findings of fact that were inconsistent with the record. Specifically, Plaintiff argues (1) the ALJ erred at step two; (2) the RFC is inconsistent

with the record; and (3) the ALJ erred at step five. Finding no error, the Court affirms.

**A. Step Two**

Plaintiff argues first that the ALJ erred by failing to find that she had additional severe impairments, namely her low oxygen saturation, podiatric abnormalities (exostosis-an overgrowth of bone in the midfoot), and mental impairments (depressed mood, tearfulness, nervousness, anxiousness, mood swings, rage, grouchiness, loss of temper, sleeping problems, and possible personality disorder). (Pl. Brief, DE #14, at 8-10)

It is a claimant's burden to show that an impairment is severe. *Mittlestedt v. Apfel*, 204 F.3d 847, 852 (8th Cir. 2000). To show that an impairment is severe, a claimant must show that he has (1) a medically determinable impairment or combination of impairments, which (2) significantly limits his physical or mental ability to perform basic work activities, without regard to age, education, or work experience. *See* 20 C.F.R. §§ 416.920(a)(4)(ii), (c); 416.921(a). "An impairment is not severe if it amounts only to a slight abnormality that would not significantly limit the claimant's physical or mental ability to do basic work activities." *Kirby v.. Astrue,* 500 F.3d 705, 707 (8th Cir.2007). Basic work activities include, among other things, understanding, carrying out, and remembering simple instructions; use of judgment; responding appropriately to supervision, co-workers, and unusual work situations; and dealing with changes in a routine work setting. 20 C.F.R. § 416.921(b). Although the requirement of severity is not an "onerous requirement," it is "not a toothless standard." *Kirby,* 500 F.3d at 707.

Here, the record lacks evidence that these impairments have lasted or are expected to last for twelve months. Additionally, there is no evidence in the record to indicate that the

conditions cannot be adequately treated with medication or that they affect Plaintiff's ability to perform work. Moreover, to the extent the ALJ erred at step two, the undersigned finds that error harmless in this case. Courts frequently find that an ALJ's error at step two in failing to find a particular impairment severe does not require reversal where the ALJ considers all of a claimant's impairments, severe and non-severe, in his or her subsequent analysis. *See* 20 C.F.R. § 416.923. Therefore, as long as a claimant satisfies her burden at step two by proving that she has a severe impairment, the ALJ does not commit reversible error for categorizing an additional impairment as non-severe.

## B.  RFC, Development of the Record, and Acceptable Medical Sources

Ancillary to Plaintiff's step two argument, Plaintiff also argues that the RFC is inconsistent with the record . She contends that the ALJ failed to develop the record because (1) he did not have her properly evaluated following the opinion of Don Ott, Psy.D., that she might have a personality disorder, (Pl. Brief, DE #14, at 10), and (2) he did not send Plaintiff to a physical consultative examination to determine Plaintiff's abilities and limitations (Pl. Brief, DE #14, at 12-13). According to Plaintiff, the latter argument is further compounded by the fact that the ALJ disregarded the opinion of Plaintiff's treating source, MyLinda Hall, APRN, FNP-C, because she was a nurse practitioner. *Id.* at 10-13. Finally, Plaintiff claims that the ALJ should have given Hall's assessment significant weight since she is the only treating or examining source who complete an assessment of her abilities and limitations. *Id.*

### *Acceptable Medical Sources*

Plaintiff contends the ALJ disregarded the opinion of Nurse Hall and should have given

5

her opinion significant weight. However, the ALJ discounted Nurse Hall's medical source statement because she is not an acceptable medical source under the regulations and because her treatment notes, along with the rest of the medical evidence, and Plaintiff's daily activities do not support the level of limitations she found.

A nurse practitioner is not a treating source. *See* 20 C.F.R. § 416.902; 20 C.F.R. § 416.913 (listing nurse practitioners among medical sources who are not "acceptable medical sources"). Even a treating source does not receive controlling weight if the source's opinions are inconsistent, *see Prosch v. Apfel*, 201 F.3d 1010, 1013 (8th Cir. 2000), or inconsistent with other substantial evidence in the record, *see Myers v. Colvin*, 721 F.3d 521, 525 (8th Cir. 2013). *See Mongeur v. Heckler*, 722 F.2d 1033, 1039 n.2 (2d Cir. 1983) ("the diagnosis of a nurse practitioner should not be given the extra weight accorded a treating physician."). Here, substantial evidence supports the ALJ's determination that the limitations Nurse Hall placed on Plaintiff were inconsistent with the record evidence. Even if Nurse Hall was associated with an acceptable medical source, substantial evidence supports the ALJ's decision to discount her opinion for the reasons articulated. *See Shontos v. Barnhart*, 328 F.3d 418 (8th Cir. 2003) (finding nurse practitioner and counselor were not acceptable medical sources but nonetheless considered treating sources whose opinions were entitled to greater weight because they were associated with a physician, psychologist or other acceptable medical source).

*Development of the Record*

The ALJ has the duty to fully and fairly develop the record, "independent of the claimant's burden to press [her] case." *Snead v. Barnhart*, 360 F.3d 834, 838 (8th Cir. 2004). However, the

burden of persuasion to prove disability and demonstrate RFC remains on the claimant. *Stormo v. Barnhart*, 377 F.3d 801, 806 (8th Cir. 2004). A claimant must show not only that the ALJ failed to fully and fairly develop the record but also that she was prejudiced or treated unfairly by the ALJ's failure. *See Shannon v. Chater*, 54 F.3d 484, 488 (8th Cir. 1995); *Onstad v. Shalala,* 999 F.2d 1232, 1234 (8th Cir. 1993); *Highfill v. Bowen*, 832 F.2d 112, 115 (8th Cir. 1987) (claimant must show prejudice or unfairness resulting from an incomplete record).

The Court finds that the ALJ sufficiently developed the record in this instance. In his mental diagnostic evaluation, Dr. Ott found personality disorder should be ruled out but that Plaintiff had "no overt evidence of organic impairment." (R. 536) He determined that Plaintiff's "history, symptoms, and presentation did not indicate a serious, diagnosable mental or emotional disorder," and that her "unstable mood may be related to poor eating habits and erratic blood-sugar level." *Id.* In addition to Nurse Hall's medical source statement, the record also contains a physical RFC assessment by medical consultant Bill F. Payne, M.D., who found Plaintiff capable of light work. (R. 524-531) Based upon the entire record, however, the ALJ found Plaintiff more limited.

While an ALJ does have a duty to develop the record, this duty is not never-ending, and an ALJ is not required to disprove every possible impairment. *Barrett v. Shalala*, 38 F.3d 1019, 1023 (8th Cir. 1994). The ALJ is required to order medical examinations and tests only if the medical records presented to him do not give sufficient medical evidence to determine whether claimant is disabled. *Conley v. Bowen*, 781 F.2d 143, 146 (8th Cir. 1986). Here, there is no evidence indicating Plaintiff is unable to function because of a mental condition. Nor did the

record lack sufficient evidence to determine Plaintiff's RFC. Thus, the ALJ was not required to order additional examinations. *Barrett*, 38 F.3d at 1023.

*RFC Determination*

An individual's RFC is her ability to do physical and mental work activities on a sustained basis despite limitations from her impairments. *See* Social Security Ruling 96-8p. "Because a claimant's RFC is a medical question, an ALJ's assessment of it must be supported by some medical evidence of claimant's ability to function in the workplace." *Moore v. Astrue*, 572 F.3d 520, 523 (8th Cir. 2009) (internal citations omitted).

Here, the RFC determination is supported by substantial evidence. The ALJ properly considered all of the medical and other relevant evidence of record in making his RFC determination, including Plaintiff's descriptions of limitations, observations of treating and examining physicians and others, and medical records including any observations therein. The ALJ noted Plaintiff's noncompliance with treatment, refusal to follow prescribed treatment recommendations, and lack of functional limitations that amount to an inability to perform any work activity. Thus, the ALJ's RFC is supported by some medical evidence that is sufficiently clear to allow for an understanding of how Plaintiff's limitations function in a work environment. Therefore, substantial evidence supports the RFC determination. *See Cox v. Astrue*, 495 F.3d 614, 620 n.6 (8th Cir. 2007) (finding substantial evidence to supports the RFC determination because the ALJ's RFC was supported by medical evidence that sufficiently allowed for an understanding of how Plaintiff's limitations functioned in a work environment).

## C. Step Five

Plaintiff's final argument suggests that the ALJ's hypothetical questions to the VE did not mirror the limitations of the claimant and precisely describe her impairments. The hypothetical to the VE in this case was sufficient because it accurately captured the "concrete consequences" of Plaintiff's impairments, which is all the ALJ was bound to do. The Court finds no error because the hypothetical question to the VE encompassed all of the limitations supported by the record. *See Goff v. Barnhart*, 421 F.3d 785, 794 (8th Cir. 2005). The VE's response constitutes substantial evidence supporting the ALJ's conclusion that Plaintiff's impairments did not preclude her from performing limited light work. *Pickney v. Chater*, 96 F.3d 294, 296 (8th Cir. 1996) (testimony from VE based on properly phrased hypothetical question constitutes substantial evidence).

### Conclusion

The Court has carefully reviewed the record and finds the Commissioner's decision to be supported by substantial evidence and free of significant legal error.

THEREFORE, the Court hereby affirms the Commissioner's final determination and dismisses Plaintiff's Complaint with prejudice.

IT IS SO ORDERED THIS 5th day of November, 2015.

_____
UNITED STATES MAGISTRATE JUDGE